UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANIEL L. CARNEY,

      Plaintiff,

v.                                                                        CASE No. 8:04-CV-2145-T-TGW

JO ANNE B. BARNHART,
Commissioner of Social Security,

      Defendant.
_____

O R D E R

The plaintiff in this case seeks judicial review of the denial of his claim for supplemental security income payments.[1] Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain any reversible error, the decision will be affirmed.

I.

The plaintiff, who was twenty-one years old at the time of the most recent administrative hearing and who completed the eighth grade, has worked only minimally (Tr. 347, 584, 617). He filed a claim for supplemental

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Docs. 10, 11).

security income payments, alleging that he became disabled due to diabetes, bipolar disorder, ADHD, and personality disorder (Tr. 346).

Previously, when the plaintiff was a child, he was awarded supplemental security income payments, which commenced on April 1, 1995 (Tr. 15). In 1999, when the plaintiff was eighteen, his disability was re-evaluated (Tr. 40-45). It was determined that the plaintiff was no longer disabled because his "condition has not resulted in more than a minimal limitation in physical and/or mental functioning and does not constitute a severe impairment" (Tr. 43). Consequently, his disability benefits ceased on April 1, 1999 (Tr. 40). His claim was then denied upon reconsideration (Tr. 63).

The plaintiff, at his request, then received a de novo hearing before an administrative law judge. On February 12, 2001, the law judge found that the plaintiff had severe impairments of diabetes mellitus, substance abuse and oppositional defiant disorder (Tr. 316). He concluded that the impairments limited the plaintiff to simple, routine, supervised light work (id.). The law judge determined, based on the testimony of a vocational expert, that there were jobs in the national economy that the plaintiff could perform, such as a small parts assembler, photocopy machine operator, and a

wrapper and packer (id.). On March 1, 2001, the plaintiff filed a request for review of the law judge's decision with the Appeals Council (Tr. 318).

On March 5, 2001, the plaintiff filed a new claim for supplemental security income payments (Tr. 15). Thereafter, on July 25, 2001, a state agency found the plaintiff disabled based on his application of March 5, 2001 (id.).

On October 10, 2001, the Appeals Council granted review of the law judge's unfavorable decision and reopened the state agency's favorable decision (Tr. 321). The Appeals Council determined that the state agency had failed to consider all of the evidence in the Social Security Administration's possession (id.). The Appeals Council vacated the law judge's decision, consolidated the plaintiff's claims, and remanded the case for further proceedings (Tr. 324-25).

A hearing was thereafter conducted on June 27, 2002, before the same law judge (Tr. 611-39). The law judge found that the plaintiff has severe impairments of "poorly controlled insulin diabetes and a polysubstance abuse disorder" (Tr. 23). He determined that the plaintiff's impairments limited him to light work of simple, routine tasks with constant supervision and occasional limitations of unprotected heights, moving machinery and concentrating (Tr.

21, 23). The law judge determined, based on the testimony of the vocational expert, that there were jobs in the national economy that the plaintiff could perform, such as an assembler, an addresser and an office helper (Tr. 23). Accordingly, the law judge decided that the plaintiff was not disabled (Tr. 22, 24). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

## II.

In order to be entitled to supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind

might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

### III.

The plaintiff challenges the law judge's decision on two grounds. Neither contention warrants reversal.

The law judge found that the plaintiff suffers from poorly controlled insulin diabetes (Tr. 23). The law judge concluded that, "[w]hile the claimant appears to be unable to perform work on a regular, sustained basis during periods where his blood sugar is poorly controlled, evidence suggests that[,] when he complies with treatment, he is capable of performing [limited, light work] activities" (Tr. 20).

The record amply supports the law judge's conclusion that the record "repeatedly documents evidence of non-compliance" (id.). Thus, the record clearly shows that at times the plaintiff fails to take his insulin on schedule, fails to follow a proper diet, fails to check his blood sugar levels, and abuses substances, including marijuana.[2] Moreover, unlike when the plaintiff was receiving disability benefits as a child due, in part, to mental impairments, the law judge concluded, on the basis of a mental evaluation, that the plaintiff is no longer suffering from a severe mental impairment. Consequently, there is no apparent valid reason why the plaintiff cannot comply with his treatment regimen.

---

[2]The plaintiff's mother said that his use of marijuana does not affect his diabetes (Tr. 630). His treating physician, however, "stressed the importance of quitting marijuana smoking" (Tr. 547).

The plaintiff contends, however, that there is not substantial evidence supporting the holding that, when the plaintiff complies with treatment, he is capable of working (Doc. 15, pp. 11-17). Initially, it is noted that there is no medical evidence indicating that the plaintiff could not work if he complied with his treatment. Thus, no doctor has opined that the plaintiff is totally disabled, or otherwise stated that the plaintiff could not work if he complied with his treatment regimen. Significantly, the plaintiff has the burden to demonstrate that he is disabled. Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003); Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001).

In any event, the law judge pointed out that the plaintiff's former pediatric endocrinologist, Dr. Tsu-Hui Lin, has indicated that the plaintiff is capable of working provided he has constant supervision to watch for potential hypoglycemic reactions (Tr. 21; see Tr. 418). In other words, one of the plaintiff's treating specialists has said that the plaintiff could work if there was "a responsible adult there to watch for potential hypoglycemic reaction" (Tr. 418). The law judge, accordingly, limited the plaintiff to work requiring constant supervision (Tr. 23), and included that type of restriction in his hypothetical question to the vocational expert (Tr. 637). With that

restriction in mind, the expert identified three types of jobs that the plaintiff could perform (as had a different expert at the earlier hearing (Tr. 609)).

In sum, the law judge recognized that the plaintiff was not aware of symptoms signaling the onset of a hypoglycemic episode. The law judge addressed this condition by imposing a restriction of close supervision. With that restriction, the plaintiff's ability to work is supported by the opinion of Dr. Lin and there is no medical opinion to the contrary. The law judge's finding that the plaintiff's diabetes does not render him totally disabled is therefore supported by substantial evidence.

In his second argument, the plaintiff contends that the law judge erred in finding that his psychological impairments are not severe (Doc. 15, pp. 17-22). However, much of the evidence that the plaintiff refers to in his memorandum pertains to records prior to April 1999 (see id. at p. 18). The plaintiff acknowledges that this information occurred during the time he was considered disabled and, therefore, it is not appropriate for consideration (id.).

Moreover, the plaintiff was examined by Dr. Gerald Mussenden, a psychologist, on March 24, 1999. Dr. Mussenden concluded (Tr. 284):

> Although he has a history with the public schools of having an Attention Deficit/Hyperactivity Disorder problem, having an Oppositional Defiant

> Disorder problem, and allegedly was severely emotionally disturbed, none of this was noted during the interview. Quite to the contrary, he was well controlled and was able to relate and interact without any problems.

Dr. Mussenden made no diagnosis of a psychological disorder (Tr. 285) and assigned a very positive GAF of 80, stating "if symptoms are present, they are transient and expectable reactions to psychosocial stressors" (Tr. 286).

Significantly, there are no subsequent opinions, contrary or otherwise, from any mental health professional. The plaintiff quarrels with the law judge's statement that "[t]he claimant has not sought any additional treatment for his psychological impairments since April of 1999" (Tr. 21). The Commissioner responds that the references in the plaintiff's memorandum do not show that the plaintiff, himself, had sought mental health treatment. In all events, there is no evidence from a mental health professional after April 1, 1999, indicating that the plaintiff has a significant, *i.e.*, severe, mental impairment.

The Commissioner argues further that, even if the plaintiff's mental impairment is severe, the law judge's failure to denominate it as such was harmless error (Doc. 19-1, p. 12). This contention is persuasive because the law judge found that there were severe impairments in this case and he

-9-

proceeded to assess the plaintiff's residual functional capacity and his ability to work.

Furthermore, the law judge concluded that, because of the plaintiff's hypoglycemic episodes, he should be limited to light work involving simple, routine tasks performed under constant supervision (Tr. 21). The plaintiff has not pointed to anything in the record after April 1, 1999, that even suggests that, if the plaintiff had a severe mental impairment, the functional limitation from that impairment would impose a greater restriction than simple, routine tasks under constant supervision. Consequently, it makes no difference in the law judge's analysis whether he labeled the mental impairment as severe or nonsevere. See Maziarz v. Secretary of Health & Human Services, 837 F.2d 240, 244 (6th Cir. 1987).

For these reasons, the Commissioner's decision is based on substantial evidence and contains no reversible error.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner is supported by substantial evidence and is therefore AFFIRMED. The Clerk is directed to enter judgment accordingly and to close this case.

DONE and ORDERED at Tampa, Florida, this 24th day of February, 2006.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE